UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

      Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

      Defendant.

CASE NO. 3:23-CV-6034-DGE

REPORT AND RECOMMENDATION

Noting Date: March 22, 2024

  The District Court has referred Plaintiff David Q. Webb's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On November 9, 2023, Plaintiff filed a proposed civil complaint and an application to proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkt. 1. The Court screened the proposed complaint and determined Plaintiff had not stated a claim upon which relief could be granted. The Court directed Plaintiff to file a proposed amended complaint curing the deficiencies identified by the Court. On January 22, 2024, Plaintiff filed a proposed amended complaint.

The Court has now reviewed the proposed amended complaint. Plaintiff has failed to state a claim upon which relief can be granted and leave to amend is not warranted. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be denied, the proposed amended complaint be dismissed with prejudice, and this case be closed.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1. Plaintiff has only $12.00 cash on hand and $168.00 in his bank accounts. *Id*. at p. 2. He has no assets. *Id*. While Plaintiff has no monthly expenses, he has very limited income. *Id*. at 1-2.

**Review of the Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed amended complaint, Plaintiff states Defendants have violated his rights related to a 2019 criminal prosecution. Dkt. 6-1.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

REPORT AND RECOMMENDATION - 2

2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims**.

*Previous Lawsuits.* The Court notes Plaintiff has filed previous lawsuits that contain similar (if not identical) causes of action. Plaintiff has been notified of the deficiencies of his claims and the alleged causes of action, but he still continues to use this Court's resources to pursue frivolous actions. *See Webb v. State of Washington, et al.*, 3:22-CV-5448-TL (W.D. Wash.); *Webb v. Busey, et al.*, 3:22-CV-5397-TL (W.D. Wash.); *Webb v. Busey, et al.*, 3:22-CV-5030-DGE (W.D. Wash.); *Webb v. Enterprise Holdings LLC, et al*, 3:22-CV-5406-BHS (W.D. Wash.). Furthermore, after being provided with a notice of the deficiencies of his proposed complaint, Plaintiff filed a nearly identical proposed amended complaint. *Compare* Dkt. 1-1 *with* Dkt. 6-1. As Plaintiff continues to file frivolous lawsuits and has failed to correct the deficiencies in his proposed complaint, the Court recommends this case be dismissed.

REPORT AND RECOMMENDATION - 3

|   |   |
|---|---|
| 1 | *Rule 8*. Plaintiff's proposed amended complaint is repetitive and "incorporates" various |
| 2 | facts or "counts" throughout the complaint against unspecified defendants. Dkt. 6-1. It includes |
| 3 | lengthy recitations of law, and it presents a series of allegations without clearly identifying |
| 4 | causes of action and defendants or, when it does identify defendants, jumps from one defendant's |
| 5 | conduct to another within the same sentence, which makes it particularly difficult to determine |
| 6 | what claims plaintiff intends to bring and against whom. A complaint that is too verbose, long, |
| 7 | confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule |
| 8 | 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011); *McHenry v.* |
| 9 | *Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint |
| 10 | that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Schmidt v.* |
| 11 | *Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, |
| 12 | distracting, ambiguous, and unintelligible pleadings"). Plaintiff's proposed amended complaint |
| 13 | should be dismissed for failure to comply with Rule 8 alone. However, the Court exercises its |
| 14 | discretion to further screen the claims it has managed to identify within the proposed complaint. |
| 15 | *Statute of Limitations.* In his proposed amended complaint, Plaintiff alleges his rights |
| 16 | were violated from March of 2019 through February of 2020. Dkt. 6-1. A complaint must be |
| 17 | timely filed. "[T]he federal courts [] apply the applicable period of limitations under state law for |
| 18 | the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In |
| 19 | *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code |
| 20 | of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in |
| 21 | Washington. 654 F.2d at 547; see R.C.W. § 4.16.080(2). Additionally, in Washington, claims |
| 22 | under 42 U.S.C. § 2000d have a three-year statute of limitations. *See Taylor v. Regents of Univ.* |
| 23 | *of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993); *see also* RCW 4.16.080(2). |
| 24 | |

|   |   |
|---|---|
| 1 | The Court also applies the forum state's law regarding equitable tolling for actions |
| 2 | arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts |
| 3 | permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). |
| 4 | "The predicates for equitable tolling are bad faith, deception, or false assurances by the |
| 5 | defendant and the exercise of diligence by the plaintiff." *Id*. Courts "typically permit equitable |
| 6 | tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable |
| 7 | neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). |
| 8 | Washington State also allows for a tolling period when a person is imprisoned on a criminal |
| 9 | charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL |
| 10 | 216705, *2 (E.D. Wash. July 31, 2006). |
| 11 | Although the statute of limitations is an affirmative defense which normally may not be |
| 12 | raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an i*n forma* |
| 13 | *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or |
| 14 | the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). |
| 15 | Plaintiff filed this lawsuit on November 9, 2023. Dkt. 1. Therefore, any claim arising |
| 16 | prior to November 9, 2020 is barred by the statute of limitations. In the proposed amended |
| 17 | complaint, Plaintiff alleges the incident giving rise to this case occurred from March 2019 |
| 18 | through February 2020. Dkt. 6-1. From the allegations contained in the proposed amended |
| 19 | complaint, Plaintiff had actual notice of the underlying facts in this case more than three years |
| 20 | prior to filing this lawsuit. *See* Dkt. 6-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a |
| 21 | claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of |
| 22 | the action). As such, this case is untimely. |
| 23 |   |
| 24 |   |

REPORT AND RECOMMENDATION - 5

1  Plaintiff states Defendants fraudulently concealed information through January 2024 and, thus, the statute of limitations does not bar his claim. Dkt. 6. Plaintiff's assertions are belied by the proposed amended complaint and by previous cases filed with this Court. In the proposed amended complaint, Plaintiff's claims arise from statements that were made *to him* in 2019. Dkt. 6-1. He also states he *knew* of several claims on April 25, 2019. *Id*. at 2. Furthermore, Plaintiff has been attempting to sue several of the named defendants related to the incidents that gave rise to this action since at least June of 2022. *See e.g.*, *Webb v. State of Washington*, *et al*., 3:22-CV-5448-TL (W.D. Wash.) (filed June 16, 2022). And, Plaintiff has been filing lawsuits related to arrests that occurred in March of 2019 since January of 2022. *See e.g.*, *Webb v. Busey, et al*., 3:22-CV-5030-DGE (W.D. Wash.) (filed January 14, 2022). Based on the record before the Court and Plaintiff's previous cases, Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 6. Therefore, the Court finds this case should be dismissed as untimely filed.

*Title VI*. Plaintiff seeks to bring a Title VI claim against Defendants. *See* Dkt. 6-1. Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to intentional discrimination under any program or activity receiving Federal financial assistance." This statute creates a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). To state a claim, a plaintiff must allege that the entity is engaging in discrimination on the basis of a prohibited ground and that the entity receives federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

       District courts in this Circuit have uniformly ruled that defendants in their individual capacities are not subject to suit under Title VI. *See, e.g.*, *Corbin v. McCoy*, 3:16-cv-01659-JE, 2018 WL 5091620, at *7 (D. Or. Sept. 24, 2018) (cataloguing cases). This is because Title VI is directed toward programs that receive federal financial assistance, so that there is no private right of action against individual employees or agents of entities receiving federal funding. *Id.* A plaintiff may bring a claim against a defendant who receives federal financial assistance in that defendant's official capacity. *See Braunstein v. Ariz. Dep't of Trans.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (noting that Congress has abrogated the Eleventh Amendment immunity of states for Title VI suits so that suits may be brought against officials in their official capacities).

       Here, any claims against Defendants in their personal capacity are not actionable under Title VI. *See, e.g.*, *Corbin*, 2018 WL 5091620 at *7. Furthermore, Plaintiff does not explain how any particular Defendant's actions were motivated by racial discrimination. *See* Dkt. 6-1. Plaintiff appears to assert that Defendants are discriminating against him because he slept with 275 married white women in Kitsap County. Dkt. 6-1 at 2. Yet, the only allegations to support a claim for intentional discrimination are his allegations that his public defender told him that "'the powers to be' won't tolerate this type of consensual behavior in our county and as an African American male [Plaintiff] will be convicted on principle alone, despite being factually innocent." Dkt. 6-1 at 2 (cleaned up). As the Court has previously found,

> It is unclear who the "powers to be" are but it appears that plaintiff is alleging that everyone involved in his criminal prosecution is culpable. The Court concludes that plaintiff cannot proceed with a Title VI claim based solely on conjecture that dozens of defendants all wanted to punish him for sleeping with married White woman. It is clear to the Court that plaintiff is only bringing a Title VI claim because he believes he can abrogate certain defendant's immunity to § 1983 claims for damages.

REPORT AND RECOMMENDATION - 7

*Webb v. State of Washington*, et al., 3:22-CV-5448-TL at Dkt. 12. Thus, the Court recommends Plaintiff's Title VI claim be dismissed against all Defendants.

*Section 1983*. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must also plead facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In this matter, Plaintiff's proposed amended complaint fails to state a claim under § 1983. First, Plaintiff's claims are vague, unclear, and conclusory. Plaintiff does not provide allegations, beyond conclusory statements, that Defendants personally participated in any alleged constitutional violations. *See* Dkt. 6-1. The Court also notes some, if not all, Defendants hold supervisory positions. *See id*. Plaintiff cannot bring a §1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In sum, the proposed amended complaint is merely a recitation of the law and vague, conclusory allegations against each Defendant. This is

insufficient to state a claim under § 1983. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, the Court recommends Plaintiff's § 1983 claims be dismissed.

*Improper Defendants*. Regardless of whether Plaintiff stated a claim in the proposed complaint, the Court finds several defendants are improper and claims cannot proceed against them.

First, the Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication the State of Washington has waived sovereign immunity rights under the Eleventh Amendment. Plaintiff appears to argue the State of Washington and Defendant Ferguson consented to be sued in federal court when they entered into a contract to receive federal funding from the United States Department of Justice. See Dkt. 6-1. The Court has previously rejected Plaintiff's theory that he can strip immunity from Defendants with Title VI and sue them under § 1983. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to the State of

REPORT AND RECOMMENDATION - 9

Washington or Defendant Ferguson. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

Second, Plaintiff appears to allege Chad Enright and Jennie Christensen, prosecuting attorneys for Kitsap County, violated Plaintiff's rights when he was prosecuted. Dkt. 6-1. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). While Plaintiff attempts to assert these Defendants discriminated against him and are liable for malicious prosecution, Plaintiff's conclusory allegations are insufficient to state a claim. As Defendants Enright and Christensen have immunity as prosecutors, the Court recommends Defendants Enright and Christensen be dismissed.

Third, Plaintiff appears to allege Kevin Anderson, Curt William Schulz, Paul Thimons, Nicholas Joseph Dupont, and John Scott Bougher, defense attorneys, violated his rights. Dkt. 6-1. To state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court,

a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). While it is not clear if Defendants Anderson, Schulz, Thimons, Dupont, and Bougher were appointed by the state court, it is clear these Defendants, as Plaintiff's defense attorneys, are not state actors. Therefore, they cannot be liable under § 1983 and Plaintiff has failed to state a claim against them.

*State law claims*. Plaintiff is also attempting to assert state law claims against all Defendants. Dkt. 6-1. Plaintiff provides conclusory allegations that are unsupported by a factual statement. As such, these claims do not sufficiently state a claim upon which relief can be granted. Moreover, Plaintiff has not stated a federal claim for relief. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Here, Plaintiff has not sufficiently alleged state law claims. *See* Dkt. 6-1. Further, Plaintiff's state law claims do not appear to relate to the federal claims. Accordingly, the Court recommends all state law claims be dismissed. In the alternative, the Court recommends denying supplemental jurisdiction over any remaining state law claims.

*Conclusion*. The Court finds Plaintiff's proposed amended complaint does not comply with Rule 8, Plaintiff's claims are time-barred, and Plaintiff has failed to state any claim upon which relief can be granted. Further, Plaintiff has been warned on multiple occasions that these


1  types of claims and complaints will not survive the screening process. Accordingly, the Court
2  recommends the proposed amended complaint be dismissed with prejudice.

3  **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of
4  a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an
5  opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,
6  248 (9th Cir.1995). Plaintiff has been afforded an opportunity to amend the proposed complaint
7  in this case and in multiple other cases that suffered from the same deficiencies as this case. He
8  continues to fail to correct deficiencies and to state a claim upon which relief can be granted.
9  Therefore, the Court finds further leave to amend is not appropriate in this case.

10  **Decision on Application to Proceed IFP**.  A district court may deny leave to proceed
11  IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous
12  or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v.*
13  *First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of
14  the deficiencies in the proposed amended complaint, the Court recommends Plaintiff's
15  Application to Proceed IFP (Dkt. 1) be denied.

16  **Conclusion.**  Based on the above findings, Plaintiff's proposed complaint should be
17  dismissed without leave to amend. Therefore, the Court recommends Plaintiff's proposed
18  amended complaint be dismissed with prejudice, the Application to Proceed IFP (Dkt. 1) be
19  denied, and this case be closed.

20  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.
22  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
23  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
24

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 22, 2024, as noted in the caption.

Dated this 1st day of March, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13